OPINION
{¶ 1} This is an appeal from the grant of partial summary judgment by the Licking County Court of Common Pleas in favor of Appellees holding that uninsured/underinsured motorists coverage did not arise by operation of law pursuant to R.C. § 3937.18.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 5, 2001, Appellants Susan and Dolores Bowles were involved in an automobile accident wherein they were struck and injured by an underinsured tortfeasor.
 {¶ 3} At the time of the accident, Appellant Susan Bowles was an employee of New Song Community Church (New Song). New Song is the owner and named insured of a Commercial Package Policy of insurance issued by Appellee Republic Franklin Insurance Company. The Commercial Package Policy contained the following separate parts, requiring separate premiums: commercial property, commercial general liability, commercial crime, commercial inland marine and commercial auto coverage.
 {¶ 4} It is undisputed that the commercial auto policy in question did not contain a provision for uninsured/underinsured coverage.
 {¶ 5} On May 1, 2001, Appellants filed a complaint against Appellee Republic Franklin Insurance Company seeking a declaration as to the existence of coverage and the amount of coverage to which they were entitled for damages.
 {¶ 6} On March 12, 2002, Appellant then filed a Motion for Partial Summary Judgment seeking a determination of coverage only.
 {¶ 7} On April 1, 2002, Appellees filed a Cross-Motion for Summary Judgment on the issue of coverage.
 {¶ 8} On June 7, 2002, the trial court found that Appellants were insureds under the policy but found that said policy was not a motor vehicle liability policy subject to R.C. § 3937.18 and therefore UM/UIM coverage did not arise by operation of law.
 {¶ 9} It is from this decision that Appellants filed the instant appeal, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 10} "The trial court erred in granting summary judgment to defendant/appellee Republic Franklin and thereby holding that defendant/appellee Republic Franklin's policy did not provide uninsured/underinsured motorists coverage by operation of law. memorandum of decision and judgment entry, P. 11."
 I. {¶ 11} Appellants in their sole assignment of error, argue that the trial court erred in granting appellee's motion for summary judgment and in failing to find underinsured motorist coverage. We disagree.
 {¶ 12} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. Civil Rule 56(C) states in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely fled in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support is claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259,674 N.E.2d 1164, citing Dresher v. Burt (1996), 75 Ohio St.3d 280,662 N.E.2d 264.
 {¶ 13} It is based upon this standard we review appellant's assignments of error.
 {¶ 14} The first issue we must determine is whether appellants were insured under the policy.
 {¶ 15} The trial court, in its June 7, 2002 Entry, found the commercial auto policy ambiguous in defining an "insured" and therefore found that coverage existed by operation of law pursuant to Scott-Pontzerv. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, 1999-Ohio-292. The only named insured listed on the declarations page was New Song Community Church. The word "you" contained in the declarations page must therefore reasonably include employees of New Song as insureds. Appellant Susan Bowles was an employee of New Song. We therefore find that the trial court properly held that Appellants were insureds under the commercial auto policy issued by appellees in this matter to New Song.
 {¶ 16} We must next determine whether the policy in question was a motor vehicle liability policy and therefore subject to R.C. §3937.18.
 {¶ 17} Appellant argues that the policy's inclusion of "hired" and "non-owned" automobiles extends liability coverage to the specified categories of autos, namely, autos that are "non-owned, non-rented, or non-loaned." Appellant relies on Selander v. Erie Ins. Group (1999),85 Ohio St.3d 541, 709 N.E.2d 1161, for the proposition that, by specifically providing coverage for autos which are "hired" or "non-owned" by the insured, the policy issued by Republic Franklin is an automobile or motor vehicle liability policy pursuant to R.C. 3937.18. We find Appellant's reliance on Selander to be misplaced.
 {¶ 18} In Selander, the Ohio Supreme Court construed a general business liability policy that excluded coverage for liability arising from the use of automobiles, but provided liability insurance for claims arising from the use of non-owned or hired automobiles that were used in the insured's business. The Ohio Supreme Court held that a policy that provides liability coverage for non-owned and hired motor vehicles is sufficient to satisfy the requirements of R.C. 3937.18. Id. at 544-545,709 N.E.2d 1161. The Court explained, "Under R.C. 3937.18, uninsured/underinsured coverage arises even though a liability policy refers only to `hired' or `non-owned' automobiles and fails to identify specific vehicles." Id. at 544, 709 N.E.2d 1161. However, Selander applied an earlier version of R.C. 3937.18, one which predated the enactment of H.B. 261. See id. at 546, fn. 1, 709 N.E.2d 1161. H.B. 261 amended R.C.3937.18 to include a definition for an "automobile liability or motor vehicle liability policy of insurance." "R.C. 3937.18(L)(1) significantly narrows the scope of policies that must include uninsured and underinsured motorist coverage when compared with the [Ohio Supreme Court's] interpretation of the previous version of the statute." Jump v.Nationwide Mut. Ins. Co. (Nov. 2, 2001), 2d Dist. No. 18880, appeal not allowed (2002), 94 Ohio St.3d 1491.
 {¶ 19} House Bill 261, which modified former R.C. § 3937.18, was effective September 3, 1997. Appellant's employer, New Song, purchased the commercial package policy on April 18, 1999, after the effective date of the amended statute.
 {¶ 20} R.C. § 3937.18 as it was in effect on the date of the accident, provided that an automobile liability or motor vehicle liability policy of insurance means any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined in the Revised Code, for owners or operators of the motor vehicles specifically listed in the policy of insurance, or any umbrella liability policy. The new version of R.C. § 3937.18(L) limits the definition of automobile liability policy by requiring vehicles to be "specifically identified" therefore, Republic Franklin would have been required to offer underinsured motorists coverage to New Song if its policy served as proof of financial responsibility for owners or operators of motor vehicles specifically listed in the policy of insurance, or if the policy was an umbrella liability policy.
 {¶ 21} Republic Franklin argues its policy was not an automobile liability or motor vehicle liability policy as defined under R.C. § 3937.18. The trial court found that even though the policy was labeled as a commercial auto policy, the policy had no scheduled list of covered vehicles, and contained coverage only for "hired" and "non-owned" vehicles.
 {¶ 22} The trial court applied the reasoning of the Second District in Jump v. Nationwide Mut. Ins. Co, (Nov. 2, 2001) Montgomery App. No. 18880, wherein it held that general categories of "hired" and "non-owned" automobiles do not qualify as "specifically identified" vehicles under R.C. § 3937.18(L)(1). The trial court found that the policy was not an automobile liability policy because no vehicles were specially identified.
 {¶ 23} In Pickett v. Ohio Farmers Insurance Company
2002-Ohio-259, Stark Appellate No. 2001CA00227, and 2001CA00236, this court reviewed a policy which provided limited auto coverage. This court found policies pre-dating H.B. 261 were distinguishable from those purchased after H.B. 261 amended the statute. We found in Pickett, the policy only provided incidental coverage for a narrow class of mobile equipment, which in Pickett, were mobile homes. We found the general liability policy in Pickett was not an automobile liability or motor vehicle liability policy of insurance. We find the policy in question here, is similar to the one examined in Pickett. The policy before us has no listing of specifically identified vehicles, and we therefore conclude it is not a motor vehicle or automobile liability policy. For this reason, we conclude appellee Republic Franklin did not have to offer UM/UIM insurance coverage to New Song, and the coverage does not arise by operation of law.
 {¶ 24} Appellant's sole assignment of error is denied.
 {¶ 25} The decision of the Licking County Court of Common Pleas is affirmed.
By: Boggins, J., Farmer, P.J. and Edwards, J. concur.
Topic: UM/UIM.